By the Court :
The remedy pursued in this case is given by statute; it is therefore necessary to follow the course which it prescribes in every material point.
In order to entitle the plaintiff to have recourse to this proceeding, two things are necessary: first, that goods and chattels can not be found within the jurisdiction of the justice; and, secondly, that the defendant has lands and tenements within the county. The first is to be ascertained by the return of an execution, and the second by a suggestion made to the justice. Whatever may be the opinion of counsel as to the utility of attending to these requirements, it *is enough for us to know that the legislature have directed them, and have expressly made them the foundation of the jurisdiction of' the common pleas. The scire facias can not be resorted to until an execution has been returned nulla bona, and a suggestion made to the justice that the defendant has lands and tenements within the county.
When this has been done, it is his duty to send a transcript to the clerk of the court, who is required to file it and issue the writ. Unless the transcript set out these facts, the clerk can not know officially that a scire facias is either required or authorized, and unless they are set out in the scire facias, which ought to contain the substance of the transcript, the court of common pleas can not know judicially that the case is within their jurisdiction. It is a general rule, that every record must present a case apparently *231 within the jurisdiction of the court, and when the jurisdiction is specially given by statute, and is to be resorted to only on the occurrence of particular facts, those facts must be shown, for however correct it may be to presume jurisdiction, where the want of it does not appear, in cases within the general jurisdiction of the court, yet where the jurisdiction is created by statute and limited to particular cases, of which the court could not take cognizance without the statute, the jurisdiction can not be presumed. If the facts on which it is made to depend are not averred, the party does not bring himself within the jurisdiction, and he can not resort to the statute for aid, because his record does not contain the case provided for by the statute.
The maxim, est boni judiáis ampliare jurisdictionem, does not apply to courts of a limited jurisdiction, much less to cases of which the jurisdiction is wholly dependent on statutory provision. It would be a malus judex .who would thus apply it, as it would confound a distinction,' without which there can be no limits to the power of courts. It can not be necessary to advert to the uncertainty and inconvenience that would follow the practice contended for by the defendant.
We know that transcripts are taken for various purposes. Plaintiffs have always a right to require them, as well before as after execution; consequently, if the clerk may tissue a scire facias on a transcript that does not contain these averments, a plaintiff may, in every case, proceed against real estate, although there may be goods and chattels sufficient to satisfy the judgment.
In relation to the second assignment, it has been intimated by counsel that the record does not fairly represent' the proceedings of the court; but we can not listen to such a suggestion. We must take the record as we find it; and as it is, it shows a proceeding not warranted by law, or the practice of this state. When a demurrer has been regularly filed, a joinder becomes necessary, in order that an issue may be made to the court. It is irregular to dispose of the demurrer on motion in this summary way.
Judgment reversed.†

 Note by the Editok. — Judgment may be taken at return of scire facias, without rule on defendant to plead, iv. 135. Execution goes against chattels and lands, xliv. Ohio L. 48, see. 3. Lien attaches to defendant's land from time of award of execution, ib. sec. 4.